**AFFIRMED; Opinion Filed February 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01658-CR

### CEDRIC JERMAINE LEE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1161116-R**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Evans
Opinion by Justice Moseley

After Cedrick Jermaine Lee waived his right to a trial by jury, the trial court convicted him of the murder of Corrie Mayes and sentenced him to forty years' imprisonment. In a single issue, Lee argues the evidence was insufficient to prove the element of identity. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

The State was required to prove that Lee was the perpetrator of the offense beyond a reasonable doubt. *See Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd); *Allen v. State*, No. 05-11-00056-CR, 2012 WL 2106530, at *2 (Tex. App.—Dallas June 12, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *Johnson v. State*, 673

S.W.2d 190, 196 (Tex. Crim. App. 1984), *overruled on other grounds by Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991)). Proof of identity may be shown by direct or circumstantial evidence. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009).

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011), *cert. denied*, 132 S.Ct. 1763 (2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id*.

The trial court heard testimony that Corrie was shot at a Wendy's restaurant where Corrie's twin brother, Cordney Mayes, and Lee's girlfriend, Amanda George, both worked. Amanda and Cordney did not get along. Several times Amanda threatened to have her "baby daddy" (i.e., Lee) beat up Cordney.

On the day Corrie was killed, Amanda was working at the Wendy's. Cordney was not working, but the brothers came to the restaurant to eat. Amanda called "her ride," stating that Cordney was at the restaurant. Shortly thereafter the car Lee often used to pick up Amanda arrived.

After eating, Cordney and Corrie went outside and got into a verbal argument with the passengers in the car, a man and a woman. The man, identified as Lee, stood outside the car and shouted at Cordney, "you going to get it today." Cordney headed inside the restaurant, but then decided with Corrie to "bum rush" Lee. As Cordney and Corrie charged towards Lee, Lee pulled out a gun and opened fire. Corrie was hit, but Cordney managed to escape.

Cordney testified he got a pretty good look at the shooter. He testified that after the shooting, he viewed a photo lineup at the police station and picked out Lee's photo as being a photo of the person who shot his brother. At trial he again identified Lee as the person who shot Corrie.

The shift manager at the Wendy's testified he saw Lee motion toward Cordney, "telling him [Cordney] that he [Lee] wanted to fight him [Cordney]." Once Cordney opened the door to the Wendy's, the manager "could hear him [Lee] yelling at Cordney, he [Lee] was tell [sic] him [Cordney], Bring [sic] your ass on, come on outside." After Cordney went outside, the manager began watching the surveillance camera until "[a]ll of a sudden we just hear [sic] shots."

When the shift manager went to the police station, he picked Lee out of a photo lineup. He testified that at first he had trouble making an identification "because I couldn't see the inside of his mouth, the golds [gold teeth] that I normally seen him have in his mouth." Although the manager had not met Lee, he had seen pictures of Lee on Amanda's key chain. The manager testified he had seen a number of pictures of Lee before the photo lineup, and the pictures on Amanda's keychain looked like the same person he saw on the day of the shooting. He believed they were the same person.

The trial court heard testimony from several other witnesses who identified Lee as the shooter, including an employee who saw the shooting on the restaurant surveillance cameras and made an in–court identification of Lee, and a woman who saw Lee before the shooting started and identified him in court.

Viewing all the evidence under the proper standard, including the evidence described above, we conclude a rational trier of fact could have found beyond a reasonable doubt that Lee

was the person who shot Corrie Mayes. Thus, the evidence is sufficient to sustain his conviction for murder. We resolve Lee's sole issue against him.

We affirm the trial court's judgment.

/Jim Moseley/

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121658F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CEDRIC JERMAINE LEE, Appellant

No. 05-12-01658-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1161116-R.

Opinion delivered by Justice Moseley.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of February, 2014.

/Jim Moseley/

JIM MOSELEY
JUSTICE